IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KELLEY WILSON,                         Civil No. 06-1261-AA
                                           OPINION AND ORDER
    Plaintiff,

  vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

Rory Linerud
Linerud Law Firm
PO Box 1105
Salem, Oregon 97308
    Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Neil Evans
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Thomas M. Elsberry
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
    Attorneys for defendant

AIKEN, Judge:

    Claimant, Kelley Wilson, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and

1   - OPINION AND ORDER

1383(c)(3), to obtain judicial review of a final decision of the Commissioner denying her application for disability insurance benefits under Title II of the Act. 42 U.S.C. §§ 401-33. For the reasons set forth below, the Commissioner's decision is affirmed.

## PROCEDURAL BACKGROUND

Plaintiff protectively filed her application for disability insurance benefits on July 22, 2002. Tr. 100. This application was denied initially and upon reconsideration. On May 27, 2005, after three separate hearings[1], the Administrative Law Judge (ALJ) ruled that plaintiff was not disabled. Tr. 18-29. The Appeals Council denied plaintiff's request for review, tr. 6-11, making the ALJ's decision the final agency decision. See 20 C.F.R. §§ 416.1481, 422.210.

## STATEMENT OF THE FACTS

Plaintiff was 36 years old on the date of the ALJ's decision. She alleges disability beginning December 2001 based on a combination of impairments, including: left carpal tunnel syndrome; fibromyalgia with chronic pain throughout her body but particularly in the low back and shoulder areas; pain in the chest, elbows, hands, neck, hips, knees, and feet; due to pain she is unable to get out of bed approximately four to six times per month; unable to sit for more than 10-15 minutes at a time; difficulty reaching forward or overhead; significant swelling of the right knee with water retention which requires leg elevation lasting two weeks to two months at a time; headaches that are

---

[1] The ALJ held a hearing on July 21, 2004, tr. 543-91; March 9, 2005, tr. 592-623; and April 13, 2005, tr. 624-42.

2   - OPINION AND ORDER

sensitive to light and noise which cause nausea, vomiting, and blurred vision; left shoulder impingement syndrome; depression with crying spells and suicidal thoughts; memory and concentration deficiencies; irritability; fatigue; diabetes; trouble holding things; and status post carpel tunnel release left hand. Tr. 549-574.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v.

3 - OPINION AND ORDER

Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

**DISCUSSION**

At step one of the five step sequential evaluation process outlined above, the ALJ found that plaintiff had not engaged in substantial gainful activity since her allege onset date. Tr. 21, 28, Finding 1. This finding is not disputed. At step two, the ALJ found that plaintiff had the following severe impairments: fibromyalgia; mild bilateral carpal tunnel syndrome with release on the left; an affective disorder; and an anxiety related disorder. Tr. 24, 20, Finding 2. This finding is not in dispute. At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 24, 28, Finding 2.

The ALJ determined that plaintiff had the residual functional capacity (RFC) to perform a modified range of light work: she has the capacity to walk four blocks, stand for thirty minutes and sit for one hour at a time; she can push and pull no more than 20 pounds; she has functional usage of her hands, eyesight, and hearing; and moderate limitation in concentration. Tr. 27, 28, Finding 4. 20 C.F.R. § 404.1567. This finding is disputed.

At step four, the ALJ found that plaintiff could perform her past relevant work as a secretary, accounting technician, and receptionist. Tr. 27-28, Finding 5. This finding is disputed. Finally, the ALJ was not required to proceed to step 5 after finding plaintiff not disabled at step four. The ALJ, however, presented an alternative step 5 finding. The ALJ obtained the testimony of two vocational experts and, relying in part upon that testimony, found plaintiff could perform work existing in

5   - OPINION AND ORDER

significant numbers in the economy: information clerk, cashier, booth cashier, and small products assembly. Tr. 28, 29, Finding 5. Accordingly, the ALJ found plaintiff not disabled.

Plaintiff's Credibility

The ALJ concluded that plaintiff was not credible. That finding was relevant to the ALJ's RFC finding, and ultimately his finding of not disabled. The plaintiff disagrees with the ALJ's assessment of her credibility.

An ALJ must engage in a two-step analysis when considering a claimant's subjective symptom testimony. Smolen v. Charter, 80 F.3d 1273, 1281-82 (9th Cir. 1996). First, a claimant must produce objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of symptom. Id. at 1281-82. Second, if the claimant produces such evidence, and if the record lacks evidence of malingering, an ALJ may find a claimant not entirely credible by giving specific, clear and convincing reasons, supported by substantial evidence, indicating the ALJ has not arbitrarily discredited a claimant's testimony. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002). Further, not all of an ALJ's reasons for discrediting a claimant must be upheld, as long as substantial evidence supports the ALJ's determination. Batson v. Barnhart, 359 F.3d 1190, 1197 (9th Cir. 2004).

Plaintiff produced evidence of an underlying impairment that could reasonably be expected to cause some degree of symptom. Therefore, the ALJ could find plaintiff not credible only by providing specific, clear and convincing reasons, supported by substantial evidence in the record. The ALJ has met

6   - OPINION AND ORDER

that burden. The ALJ's credibility assessment included evidence that medical reports repeatedly documented normal examinations; diagnostic studies were essentially normal with only mild abnormalities indicating mild carpal tunnel syndrome and mild disc bulging; there was no medical evidence of muscle atrophy which the ALJ found inconsistent with plaintiff's alleged need to lie down due to pain 3 or 4 days a week for the majority of the day with walking and standing only to use the bathroom. Further, the ALJ noted that it was unreasonable to conclude that an individual alleging she was so incapacitated by pain that she was absolutely unable to function three or four days a week, and then able to function without any limitations on the other three or four days a week. Tr. 26-27. Finally, the ALJ relied on the report of a fraud investigator submitted via videotape as evidence of plaintiff's behavior and ability to ambulate over one mile, ascend and descend 22 stairs without using the handrail, and carry sacks, all without noticeable pain, abnormality or limitation.

When a claimant's statements about the intensity, persistence, or functionally limiting effects of symptoms are not substantiated by objective medical evidence, the ALJ "must consider all of the evidence in the case record, including any statements by the individual and other persons concerning the individual's symptoms . . . and must then make a finding on the credibility of the individual's statements about symptoms and their functional effects." SSR 99-2p, 1999 WL 271569.

The ALJ is charged with determining credibility of medical testimony and resolving ambiguities in the evidence. Morgan v.

7    - OPINION AND ORDER

Comm'r of Soc. Sec. Admin., 169 F.3d 595 (9th Cir. 1991). "Where, as here, the ALJ has made specific findings justifying a decision to disbelieve an allegation . . . and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision." Id. at 599. Here, the ALJ's credibility finding is supported by substantial evidence in the record, therefore, "this court may not engage in second-guessing." Thomas 278 F.3d at 959.

**CONCLUSION**

The Commissioner's decision is based on substantial evidence, and is therefore, affirmed. This case is dismissed. IT IS SO ORDERED.

Dated this  29  day of October 2007.

/s/ Ann Aiken
Ann Aiken
United States District Judge